FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 0 4 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

DONOVAN MARTIN,

        Defendant.

---

06-CR-621

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

    A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity" in the written order of judgment and commitment. *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decision making authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On May 8, 2014, Donovan Martin pled guilty to Count Three of a three-count indictment. Count Three charged that, on December 13, 2005, defendant, with intent to defraud, possessed and had custody and control of device-making equipment, including two embossing ribbons, in violation of 18 U.S.C. §§ 1029(a)(4) and 1029(c)(1)(A)(ii). Counts One and Two were dismissed.

The total offense level is thirteen and defendant's criminal history is category I, yielding a Guidelines range of imprisonment between twelve and eighteen months. The maximum term of imprisonment is fifteen years. 21 U.S.C. § 1029(c)(1)(A)(ii). The maximum fine is $250,000. 21 U.S.C. § 3571(b)(3). A special assessment of at least $100 is mandatory. 18 U.S.C. § 3013.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). An incarceration sentence within the Guidelines is not appropriate in this case.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Defendant was initially arrested on December 15, 2005 and was charged in the Southern District of New York. The case was dismissed due to venue and defendant was indicted for the same offense in this district on September 15, 2006. An arrest warrant was issued on that date.

Defendant was arrested on February 18, 2014 on the open arrest warrant during a traffic stop in Arkansas. There is no evidence that that defendant was actively avoiding arrest and he was not a fugitive.

2

At the sentencing hearing, defendant credibly stated that while he was aware of the illegal activity taking place in his home with respect to the production of counterfeit credit cards, he did not organize the activity or seek to consciously partake in the counterfeit scheme. The presentence investigation report indicates that defendant provided a cooperating witness with counterfeit credit cards and a driver's license. On execution of a search warrant, agents seized counterfeit credit cards, equipment and materials used to produce the credit cards, a 12-gauge shotgun, and less than one ounce of marijuana.

Between the date the arrest warrant was issued and the date defendant was arrested, Martin turned his life around. He stopped smoking marijuana recreationally and completed a Master in Commerce internet course from which he learned to write contracts, trust indentures, and business plans. He also completed a leadership program through the Community Leadership Foundation in New Mexico. Defendant and colleagues he met through the Foundation created a youth leadership program for New Mexico teens called SHIFT (Serve, Heal, Inspire, Focus, Thrive). To date, Martin and his colleagues have raised $13,000 for SHIFT, which is scheduled to begin on September 23, 2014.

Defendant has two biological children from two different relationships and has been described as a caring and supportive father. He provides financial support for both children. He also provides financial support for his current girlfriend, with whom he has been in a relationship since 2000, and for her two children from a previous relationship.

He was raised in an intact, middle-income household in Brooklyn. He has a Bachelors Degree and is three courses shy of obtaining a Master's Degree. Defendant manages real estate properties and has been employed by his father since 1997. He has no prior convictions.

On August 18, 2014, based on defendant's fine upbringing, his college and post-college education, the good works he has performed on behalf of the poor, and the long delay in prosecution—which was not due to anyone's fault—defendant was sentenced to three years' probation. A $100 special assessment was imposed, payable forthwith. No fine was imposed because defendant does not have any assets, and he is unlikely to have any in the near future.

Defendant has accepted full responsibility for his conviction and has agreed to pay restitution in the amount of $73,050.09. Defendant was ordered to pay fifteen percent of his net monthly income toward the restitution owed. Defendant may possess one credit card, but Probation may inquire as to its use. If defendant requires any additional credit cards, including one for his business, he must apply to Probation for permission. Defendant was ordered to forfeit the shotgun and shells seized by officials in his apartment (which he claims he confiscated from a young man in the neighborhood).

Defendant is authorized to travel to New Mexico, where he conducts philanthropic business, and to Georgia, where his family resides, for living, business, and other legal purposes. Prior to travel, defendant shall supply Probation with a full itinerary. On application of Probation, supervision of defendant will be transferred to Georgia.

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and its collateral consequences. Specific deterrence has been substantially achieved; throughout the long delay in prosecution defendant has improved his life and not reoffended. Defendant has expressed genuine remorse and a sincere desire to put the conviction behind him.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: August 21, 2014
      Brooklyn, New York